OPINION
{¶ 1} On July 18, 2002, the Muskingum County Grand Jury indicted appellant, Terry Blaine Wilkinson, on one count of robbery in violation of R.C. 2911.02 and one count of theft in violation of R.C. 2913.02. Said charges arose from a robbery of the National City Bank in Zanesville, Ohio.
 {¶ 2} On September 20, 2002, appellant pled guilty as charged. By judgment entry filed December 9, 2002, the trial court sentenced appellant to eight years on the robbery count and eighteen months on the theft count, to be served consecutively.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE WITHOUT THE AGGRAVATING FACTORS OF R.C. § 2929.14(E)."
 II {¶ 5} "THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE WITHOUT THE AGGRAVTING FACTORS OF R.C. § 2929.14(C)."
 I, II {¶ 6} Appellant claims the trial court erred in imposing the maximum sentence on each count and ordering them to be served consecutively. We disagree.
 {¶ 7} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 8} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 9} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 10} "(b) That the sentence is otherwise contrary to law."
 {¶ 11} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 12} Appellant pled guilty to robbery in the second degree and theft in the fourth degree. Pursuant to R.C. 2929.14(A)(2), felonies of the second degree are punishable by "two, three, four, five, six, seven, or eight years." Felonies of the fourth degree are punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). By judgment entry filed December 9, 2002, the trial court sentenced appellant to eight years on the robbery count and eighteen months on the theft count, to be served consecutively.
 {¶ 13} Appellant argues the trial court erred in using "boilerplate language" in imposing the maximum sentence on each count and ordering them to be served consecutively. We note appellant agreed to the sentence in his plea of guilty on September 20, 2002. Within the document, it is stated, "In exchange for the Defendant's plea to the within-stated offenses, the State recommends that the Defendant receive a 9½ year sentence, with said sentences to run consecutive, but concurrent with Licking County and Knox Counties."
 {¶ 14} During the plea hearing, the state recommended "a nine and one-half years sentence with said sentences to run consecutive, but concurrent with the Licking County and Knox County cases" as per the plea agreement. September 20, 2002 T. at 3-4. Appellant acknowledged his understanding of the plea agreement. Id. at 5, 8. The trial court informed appellant of the possible sentences. Id. at 5. The trial court asked appellant, "You also understand you have a right to appeal the maximum sentence, but if the Court and everybody agrees to the sentence, that would remove your right of automatic appeal of that right?" Id. at 8. Appellant responded in the affirmative. Id. The trial court also asked appellant if he understood that the state's recommendation "is not binding on the Court, but I have agreed to be bound by it by removing the right to automatic appeal." Id. at 9. Again, appellant responded in the affirmative. Id.
 {¶ 15} On a side note, appellant did file a motion to withdraw his plea prior to sentencing, claiming he feared the state would not honor the plea agreement. October 21, 2002 T. at 4-6. The trial court denied said motion, finding there was no evidence of the state reneging on the plea agreement. See, Entry filed October 23, 2002. Appellant did not appeal this entry.
 {¶ 16} Upon review, we find the trial court sentenced appellant per the state's recommendation as agreed to by appellant. The trial court did not err in sentencing appellant per the plea agreement.
 {¶ 17} Assignments of Error I and II are denied.
 {¶ 18} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
By Farmer, P.J., Edwards, J. and Boggins, J. concur.